Date signed January 15, 2009



**THOMAS J. CATLIOTA
U. S. BANKRUPTCY JUDGE**

**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
at GREENBELT**

| | | |
|---|---|---|
| In Re: | * | |
| Myisha O. Smith | * | Case No.   07-14381-TJC |
| | * | Chapter   13 |
| Debtor | * | |
| ****************************************** | * | |
| Myisha O. Smith | * | |
| | * | |
| | * | Adversary |
| Plaintiff | * | Case No.   08-00137-TJC |
| vs. | * | |
| Oak Grove Utility Company, LLC | * | |
| | * | |
| | * | |
| Defendant | * | |

**MEMORANDUM OF DECISION**

Before the Court is the motion for sanctions (the "Motion"), Docket No. 39, filed by defendant Oak Grove Utility Company, LLC (the "Defendant"). The Motion is opposed by plaintiff Myisha O. Smith (the "Plaintiff"). The Plaintiff's complaint against the Defendant in the adversary proceeding has been dismissed and the Motion is the last remaining matter to be

resolved. For the reasons set forth herein, the Court will award sanctions in favor of the Defendant in the amount of $800.

## I. STATEMENT OF FACTS

### A. Facts Pertinent to the Complaint

The Plaintiff filed a Chapter 13 petition for relief on May 14, 2007 (case no. 07-14381). The Plaintiff filed a motion to dismiss the case on September 6, 2007, and the case was dismissed by an order entered on September 7, 2007. Docket Nos. 24, 25. The Plaintiff then filed a motion to reinstate the bankruptcy case, which the Court granted by an order entered on December 10, 2007. Docket No. 28. The order reinstating the case also reimposed the automatic stay. Id. Plaintiff's motion to reinstate the case did not request that the automatic stay be imposed retroactively, and the order reinstating the case did not do so.

At all times pertinent to this adversary proceeding, the Plaintiff was the record owner of improved real estate located at 911 Andean Goose Way, Upper Marlboro, MD (the "Property"). Further, at all pertinent times, the Property was subject to a Declaration of Deferred Water and Sewer Charges (the "Declaration") made on December 4, 2000 for the benefit of the Defendant.

The Declaration acknowledged that the Defendant was to construct water and sewer systems to serve certain real property within which the Property is located. The Declaration established a procedure by which the record owners of any lots within the real estate area would pay the construction and installation costs of the water and sewer systems to be provided by the Defendant.

Specifically, the Declaration provides at paragraph 2:

> 2. <u>Establishment of Lien and Personal Obligation</u>. Each Owner of any Lot, other than the Declarant or any Builder, by acceptance of a deed therefor, whether or not it shall be so expressed in such deed, (a) covenants and agrees to pay to the [Defendant] all Water and Sewer Charges assessed

>against that Lot hereby which are due and unpaid as of the date such Owner accepts title to such Lot, (b) covenants and agrees to pay to the [Defendant] all future Water and Sewer Charges assessed against that Lot hereby for as long as such Owner shall be a record owner of a fee simple interest in such Lot, (c) grants to the [Defendant] a lien to secure payment of the aforesaid Water and Sewer Charges upon the Lot against which the aforesaid Water and Sewer Charges are assessed, and (d) grants to the [Defendat] a power of sale, and assents to the entry of a decree and order for the sale of that Lot upon a default by the Owner under this Declaration.  Each such Water and Sewer Charge shall also be the personal obligation of the Owner of the Lot as of the time when the Water and Sewer Charge is assessed.  <u>In the event that any Owner shall fail to pay the Water and Sewer Charges applicable to that Owner's Lot in accordance with this Declaration, the [Defendant] shall be entitled to all legal and/or equitable relief as may be available under applicable law, including, without limitation, the right (i) to accelerate and declare to be immediately due and payable the full amount of all future installments of the Water and Sewer Charges assessed against that Owner's Lot hereby (discounted to present value in accordance with Paragraph 7 hereof),</u> (ii) to bring an action at law against any Owner personally obligated to pay the Water and Sewer Charges, (iii) to foreclose on the lien against the Lot or Lots then belonging to said Owner in the manner now or hereafter provided for the foreclosure of mortgages, deeds of trust or other liens on real property in the State of Maryland pursuant to the power of sale or assent to a decree set forth herein, or otherwise, (iv) to foreclose on the lien against the Lot or Lots then belonging to said Owner in the manner now or hereafter provided for pursuant to the Maryland Contract Lien Act, and/or (v) to institute such other legal and/or equitable proceedings as may otherwise from time to time be provided by applicable law.

Declaration at p. 2-3 (emphasis added).  There is no dispute that the Plaintiff is an "Owner" as that term is used in the Declaration.  The Plaintiff states that her obligation under the Declaration was to make 22 annual payments of $825 due on January 1 of each year.  The Plaintiff admits that she failed to make any such payments under the Declaration since November 2005.

The Plaintiff alleges, and the Claims Register establishes, that on July 3, 2007, the Defendant filed a proof of claim in the bankruptcy case in the amount of $17,315.  The Plaintiff further alleges that the proof of claim included accelerated amounts due under the remaining 15½ years of the term of the Declaration.  The Plaintiff also alleges that on November 8, 2007,

the Defendant recorded a statement of lien against the Property for 2007 assessments due under the Declaration.

The Defendant does not dispute the foregoing but contends (1) it was entitled to file a proof of claim for the accelerated amount; and (2) when it recorded the lien in November 2007, the bankruptcy case had been dismissed and not reinstated, and therefore the automatic stay did not apply.

The Plaintiff filed this adversary proceeding against the Defendant on February 21, 2008. In count one, the Plaintiff alleged that the Defendant's acceleration of the Plaintiff's post-petition obligations for the remaining term of the Declaration constitutes a "gross violation" of the automatic stay of §362(a) of the Bankruptcy Code. Complaint, ¶22. In count two, the Plaintiff alleged that the Defendant's proof of claim is "false, fraudulent and . . . not a valid debt" of the Plaintiff because it includes the accelerated amounts. Id. at ¶23. Plaintiff contends she is entitled to damages under §105 and §501 of the Bankruptcy Code.

### B. Facts Pertinent to the Sanctions Motion

The Defendant filed a motion to compel discovery and for discovery sanctions on May 1, 2008. Defendant contended that it served discovery on the Plaintiff on March 18, 2008, and Plaintiff failed to respond. Plaintiff opposed the motion, contending that (1) she never received the discovery requests and (2) in any event, she had no obligation to respond because the parties had not engaged in a discovery conference under Fed. R. Civ. P. 26(f), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7026. Defendant responded by stating (1) it not only served the discovery on the Plaintiff by mail, it also filed the discovery with the Court[1], so that the Plaintiff's counsel would have received the discovery both by mail and by electronic service through the ECF system; and (2) the Defendant's counsel's calls to Plaintiff's counsel to discuss

---

[1] See Docket Nos. 6, 7.

discovery were referred to a legal assistant and others in counsel's office, with whom the Defendant's counsel negotiated a scheduling order.

The Court held a hearing on May 28, 2008. The Court did not accept Plaintiff's claim that she had not received the discovery, since plainly Plaintiff's counsel received the requests through ECF. Further, the Court was skeptical of the Plaintiff's argument that it was not required to respond to discovery because no discovery conference had been held considering (1) the Plaintiff, through Plaintiff's counsel's legal assistant, had agreed to a Scheduling Order with a ninety day discovery period, which period was close to half over and the Plaintiff was still refusing to respond to discovery; and (2) the Defendant's allegation that when he called Plaintiff's counsel, he was referred to the legal assistant and was thus unable to hold a scheduling conference with counsel. Nevertheless, it was true that the Defendant served the discovery before the parties had engaged in a discovery conference, and so the Court did not award any sanctions but ordered the Plaintiff to respond to the discovery by June 11, 2008. The order provided that the Court would entertain a motion for sanctions if the Plaintiff failed to properly respond to the discovery.

Plaintiff served her interrogatory answers on the Defendant on June 11, 2008. On June 12, 2008, the Defendant's counsel wrote to Plaintiff's counsel identifying a number of deficiencies in the interrogatory responses and specifically stated that the letter was sent "in accordance with the Federal Rules of Evidence prior to filing a motion to compel or for Sanctions, including attorney's fees." Docket No. 40-2. Defendant's counsel sent at least one follow-up letter as well. Plaintiff sent a letter to Defendant on July 9, 2008 stating that Plaintiff was "not seeking any damages or injuries of any nature in regards to the filing of [Defendant's] proof of claim." Docket No. 39-6. Defendant then renewed the motion for sanctions, arguing

that the Plaintiff's responses served on June 11, 2008, in accordance with the Court's order, were deficient.

The Court finds that the Plaintiff's interrogatory answers were deficient in at least the following respects:

<u>Interrogatory 1</u>: This interrogatory asked to state in detail any action that violated the automatic stay, including the date of the activity and manner of violation, and the period during which the stay was in force at the time of the alleged violation.

<u>Plaintiff's response</u>:

> Defendant recorded a lien after Plaintiff filed Chapter 13 and, upon learning that Plaintiff's bankruptcy was reinstated, failed to release the lien. The lien continues to be of record today. This constitutes the continuation to attempt to collect a debt. Prior liens still on record today on their face contain errors and do not correspond with the actual ownership and possession.

<u>Deficiency</u>: Among other deficiencies, this response fails to provide any basis for asserting a violation of the automatic stay based on recording a lien after the case was dismissed, or any basis for the claim that the Defendant had any duty to release the lien after the case was reinstated.

<u>Interrogatory 9</u>: This interrogatory asked the Plaintiff to state in detail her damages and to attach any evidence of damages the Plaintiff intends to introduce at trial.

<u>Plaintiff's Response</u>: "Objection. We understand our obligations and will furnish the information."

<u>Deficiency</u>: The Plaintiff had no valid basis to object to this request and did not furnish the information.

Interrogatory 18: This interrogatory asked to state in detail all facts upon which the Plaintiff relied in alleging that Defendant had actual knowledge of the bankruptcy case.

Plaintiff's Response: "This question was asked and answered in interrogatory no. 15 above."

Deficiency: Interrogatory 15 asked for the basis for the allegation that Defendant was not entitled to accelerate the obligation under the Declaration, and had nothing to do with Defendant's knowledge of the bankruptcy case.

Interrogatory 22: This interrogatory asked to state in detail the factual basis for the allegation in ¶22 of the Complaint that the Defendant's acceleration of the obligation constitutes a violation of the automatic stay.

Plaintiff's Response: "Objection asked and answered in question 1 above."

Deficiency: Neither Interrogatory 1 nor the Plaintiff's response thereto had anything to do with acceleration under the Declaration.

Interrogatory 23: This interrogatory asked to state in detail the factual basis for the allegation in ¶25 of the Complaint that the Defendant's proof of claim was "false, fraudulent and . . . not a valid debt" of the Plaintiff's.

Plaintiff's Response: "Objection asked and answered in question 1 above."

Deficiency: Plaintiff's response to Interrogatory 1 purported to state Plaintiff's basis for her allegation that Defendant violated the automatic stay. It said nothing about why the proof of claim was allegedly "false and fraudulent."

Interrogatory 27: This interrogatory asked the Plaintiff to indentify the compensatory damages which she sought and the facts that support the claim.

Plaintiff's Response: "We are in the process of accumulating our damages for mileage and other documentation and will supplement this answer."

Deficiency: This response is incomplete at best and nonresponsive to the question asked at worst.

## II. CONCLUSIONS OF LAW

### A. The Complaint Lacked Merit

The complaint has been dismissed on the Plaintiff's motion. Nevertheless, the Court has reviewed the allegations in the complaint and the parties' admissions and affidavits in this case. The complaint lacked merit, failed to state a claim, and appears to have been filed solely for potential nuisance value.

With respect to count one—violation of the automatic stay of §362(a)—the complaint failed to allege a single operative fact from which the Court could find that the Defendant violated the automatic stay. The complaint alleged only that the Defendant accelerated the amount due under the Declaration when it filed the proof of claim.[2] But it is well established that the filing of a proof of claim cannot serve as the basis for asserting a violation of the automatic stay. See, e.g., Campbell v. Countrywide Home Loans, Inc., 2008 U.S. App. LEXIS 21405 (5th Cir. Oct. 13, 2008).

With respect to the second count, it failed to state a claim for relief. Plaintiff contends that pursuant to §§105 and 501 of the Bankruptcy Code she is entitled to damages because the Defendant filed a "false and fraudulent" proof of claim. Nothing in those statutory provisions supports such a claim. The proper procedure for a debtor to follow upon the filing of a proof of

---

[2] The allegations of the complaint state that "[o]n November 8, 2007, post petition, Defendant recorded a statement of lien against Plaintiff's real property . . . in violation of the automatic stay." Complaint,¶13. As set forth in the Statement of Facts, above, however, the Plaintiff's bankruptcy case was dismissed between September 6, 2007 and December 10, 2007. Therefore, any action taken by Defendant on November 8, 2007 could not have violated the automatic stay.

claim that the debtor believes to be "false and fraudulent" is to send the 21-day notice under Fed. R. Bankr. P. 9011(c)(1)(A), and then seek sanctions if it is not withdrawn.  Alternatively, a debtor could seek disallowance of the claim by following the claims objection procedure outlined in Local Rule 3007-1 and the Federal Rules of Bankruptcy Procedure.  These procedural devices are more than sufficient to protect debtors from the filing of allegedly "false and fraudulent" proofs of claim and obviate the need to file a separate adversary proceeding.

Assuming, however, that count two did state a claim for relief, no reasonable fact finder could find that the Defendant's proof of claim is "false and fraudulent."  See, e.g., Mercantile Peninsula Bank v. French (In re French), 499 F.3d 345, 352 (4th Cir. 2007)(when considering a motion for summary judgment, a Court "must consider whether a reasonable jury could find in favor of the nonmoving party, taking all inferences to be drawn from the underlying facts in the light most favorable to the nonmovant.")  The Plaintiff admits that at the time the Defendant filed the proof of claim, she was two years in arrears under the Declaration.  The Declaration expressly provides that "[i]n the event that any Owner shall fail to pay the Water and Sewer Charges applicable to that Owner's Lot in accordance with this Declaration," the Defendant shall be entitled to, among other rights, the right to "accelerate and declare to be immediately due and payable the full amount of all future installments of the Water and Sewer Charges assessed against that Owner's Lot hereby . . . ."  Declaration at p. 3.  The Defendant filed a proof of claim for the accelerated amounts in accordance with the Declaration.  Whether or not the Plaintiff had any valid defenses to the proof of claim, under no circumstances can it be said to be "false and fraudulent."

    **B.  The Sanctions Motion**

Fed. R. Civ. P. 37(a)(5)(A), made applicable to this case by Fed. R. Bankr. P. 7037, provides that if a motion for order compelling discovery is granted—or if the disclosure is made after the motion is filed

> the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the Court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action.

Fed. R. Civ. P. 37(a)(5)(A).  In this case, the June 12 letter establishes that the Defendant made a good faith effort to obtain proper responses to the interrogatories.  Defendant sent it before it filed the Motion.  The June 12 letter meets the requirements of Rule 37(a)(5)(A)(i).

The Court finds that the Defendant incurred fees and costs in sending the letters seeking the Plaintiff to cure the deficient interrogatory responses served on June 11.  The Defendant also incurred fees and costs in filing the Motion.  The Court finds and concludes that a sanction of $800 is warranted to compensate the Defendant for its efforts in pursuing the Plaintiff's deficient discovery responses.

Finally, the Court notes that it is awarding sanction pursuant to Rule 37 of the Federal Rules of Civil Procedure and not Rule 11, made applicable to this case by Fed. R. Bankr. P. 9011.  Nevertheless, the Court has considered the Plaintiff's actions in the context of the overall case proceeding.  As stated above, the complaint lacked any merit.  Further, as stated above, the Plaintiff failed to set forth in any interrogatory response any damages whatsoever that resulted from Defendant's filing of the proof of claim, and ultimately admitted in the July 9, 2008 letter that she would not be seeking any damages "of any nature" as a result of the proof of claim.  Thus, not only did the complaint lack merit, but the Plaintiff could articulate no damages as a result of the Defendant's action.  Stated otherwise, this adversary proceeding has been nothing

short of a complete waste of time and effort.  The Defendant at the least should be compensated for those items for which compensation is available under Fed. R. Civ. P. 37.

### III. CONCLUSION

For the foregoing reasons the Court will grant the Motion and award sanctions against the Plaintiff and/or her counsel in the amount of $800.


cc:  Plaintiff
     Myisha O. Smith
     911 Andean Goose Way
     Upper Marlboro, MD 20774-7127

     Plaintiff's counsel
     Andrew Wilson
     275 West Street
     Suite 216
     Annapolis, MD 21401

     Defendant
     Oak Grove Utility Company, LLC
     2200 Defense Highway, No. 101
     Crofton, MD 21114

     Defendant's counsel
     Henri DeLozier, Jr.
     4000 Michellville Road
     Suite 416
     Bowie, MD 20716

**END OF MEMORANDUM**